UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| VALERIE YVETTE MCINTYRE ) | Case No. 08-14964-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION**

      Before the court is a modified plan filed by the debtor on February 11, 2009. The chapter 13 trustee recommends confirmation. The difficulty, however, is that notice of the plan has not been given to a secured creditor, Anderson Financial Services LLC/Loan Max, whose claim (apparently arising from an automobile title loan) is treated by the plan. Absent proper notice to the creditor of its treatment under the plan, confirmation would violate accepted principles of due process. At the same time, the court is concerned that this case has been pending nearly seven months and that distributions to creditors cannot commence until a plan is confirmed. Accordingly, the court will provisionally confirm the plan, subject to the requirement that the debtor mail to the creditor a copy of the plan, the required special notice to secured creditors required by the local bankruptcy rules, and notice of an opportunity to object to confirmation.

      The debtor, Valerie Yvette McIntyre, is an administrative assistant for a law firm. She filed a voluntary petition in this court on August 19, 2008, for relief under chapter 7 of the Bankruptcy Code. On her schedules, she listed $16,696 in priority tax and child support debt

and $53,589 in general unsecured debt.[1]  The only secured creditor listed is "Anderson Financial," which is shown as the holder of a *disputed* claim in the amount of $7,960 secured by "Lien on Title 2004 Toyota Corolla (90,000 mi)" which the debtor values at $3,175.  Anderson Financial was included on the mailing matrix filed by the debtor and was mailed notice of the commencement of the case.  The case was dismissed on October 10, 2008, because of the debtor's failure to pay one of the required installments of the filing fee.  The debtor then filed a motion to reconsider the dismissal order and a motion to convert her case to chapter 13.  Following a hearing, the dismissal order was vacated on November 18, 2008, and on December 24, 2008, the case was converted to a chapter 13 case.  The initial plan filed by the debtor was amended prior to the scheduled confirmation hearing by the plan that is currently before the court.  No bar date for filing claims had been set in the chapter 7 case (which had been noticed to creditors as a "no asset" case).  In the chapter 13 case, the claims bar date is April 27, 2009.  A proof of claim has not yet been filed by Anderson Financial, which was mailed notice of the conversion of the case and of the claims bar date.

      The plan requires the debtor to pay the chapter 13 trustee $662.95 per month for 60 months.  From the payments received, the trustee would pay his own statutory commission of 10% and priority claims in the estimated total amount of $21,157.  The plan treats the secured claim of Anderson Financial by valuing its collateral at $3,975, and by paying that amount, without interest, in 60 monthly installments of $66.25 each.  The remaining funds would be paid *pro rata* to unsecured creditors, with the estimated distribution being 20 cents on the dollar.

---

[1] On January 8, 2009, the debtor filed amended schedules listing $55,144 in general unsecured debt.  She further amended schedule F on February 4, 2009, adding a general unsecured creditor with a claim of $390.  Thus, the debtor's general unsecured debt totals $55,534.

Anderson Financial is not shown on the certificate of service as having been mailed a copy of the plan, nor does the record reflect that it was mailed the "Special Notice to Secured Creditor" that is required by Local Bankruptcy Rule 3015-2(B) when a chapter 13 plan proposes to value a secured creditor's collateral.[2]

A chapter 13 trustee cannot commence payments to creditors until a plan is confirmed. § 1326(a)(2), Bankruptcy Code.  Although normally the court would simply deny confirmation of the plan based on the debtor's failure to give proper notice, the resulting delay before a plan could be confirmed would be considerable.  In this district, denial of confirmation normally gives the debtor 20 days in which to file a modified plan.  Loc.Bankr.R. 3015-2(H)(3).  Because the bankruptcy rules require 25 days notice both of the hearing on confirmation *and* of the date to object to confirmation, and because the local bankruptcy rules set a deadline of 10 days prior to the confirmation hearing for filing objections to confirmation, the plan and any required special notice must as a practical matter be mailed 35 days prior to the confirmation hearing. Fed.R.Bankr.P. 2002(b)(2); Loc.Bankr.R. 3015-2(E)(1) and (F)(1)(C).[3]  The 35-day notice period, coupled with the 20 days for the debtor to file and distribute a modified plan, would

---

[2] The required form of notice is at Exhibit 2 to the Local Bankruptcy Rules, which are available on the court's Internet web site at http://www.vaeb.uscourts.gov/home/localrules.html (click on link for Current Local Rules).  The form is separately available for download, as an on-line fillable PDF file, at http://www.vaeb.uscourts.gov/bkforms/spcntc.pdf.  The special notice requirement was adopted by this court to satisfy the concerns expressed by the Fourth Circuit in *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir. 1993), which held that in chapter 13 cases, bifurcation of secured creditor's claim under § 506, Bankruptcy Code, requires more than disclosure in the plan; the creditor must be notified that a hearing is going to be held and that the interest of the creditor may be affected.

[3] In the absence of a timely filed objection, a confirmation hearing is not usually held and a confirmation order will be entered upon presentation by the chapter 13 trustee. Loc.Bankr.R. 3015-2(G).

delay confirmation for nearly two additional months.  Under the circumstances, the court believes the appropriate course is to provisionally confirm the plan, subject to proper notice being given by the debtor to Anderson Financial.[4]  Specifically, the debtor must, not later than March 25, 2009, mail Anderson Finance (1) a copy of the plan and related motions and (2) a copy of the Special Notice to Secured Creditor indicating (by the checking of the appropriate box) that the plan proposes to value its collateral and notifying the creditor that a hearing on confirmation, as it affects its interest, will be held on <u>April 29, 2009, at 1:30 p.m.</u> and that objections are due no later than <u>April 20, 2009</u>.  The original of the special notice, with a completed certificate of service, shall be filed with the court.

     A separate order will be entered provisionally confirming the plan subject to the requirements set forth in this memorandum opinion.

Date: _____     _____
                                 Stephen S. Mitchell
Alexandria, Virginia             United States Bankruptcy Judge

---

[4] Needless to say, the court makes no determination, on the current record, as to whether Anderson Financial is actually a secured creditor or whether the plan's treatment of its claim is proper.

Copies to:

Valerie Yvette McIntyre
3570 Sherbrooke Circle #204
Woodbrodge, VA 22192
Debtor *pro se*

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee

Anderson Financial Services LLC/Loan Max
8375 Centreville Road
Manassas, VA 20111-2223